FRANK J. PRATT *et al. vs.* HANOVER FIRE INSURANCE CO.

JUNE 26, 1929.

PRESENT: Stearns, C. J., Sweeney, Barrows, and Murdock, JJ.

SWEENEY, J. This action of assumpsit was tried by a justice of the Superior Court, jury trial having been waived. The trial justice rendered a decision for defendant. The case is before this court on plaintiffs' exception to this decision.

June 23, 1927, Leo E. Picard, doing business under the name and style of Woonsocket Reo Sales & Service Co.,

sold an automobile to Frank J. Pratt on conditional sale taking his notes for the purchase price. Picard endorsed the notes and assigned his interest in the automobile to J. C. and Morris Falk. As a part of the transaction Pratt procured insurance from defendant insuring the automobile against fire and also against theft as defined in Paragraph G of the policy. This paragraph excepted from its provisions "loss suffered by the Assured from voluntary parting with title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise . . . "

September 24, 1927, Pratt let one Raney take the insured automobile. Raney drove the automobile to Birmingham, Alabama, and sold it. Pratt never recovered the automobile. At the close of plaintiffs' testimony defendant moved for a decision. The trial justice granted the motion as he was of the opinion that Pratt was the assured and the other plaintiffs were only his appointees to receive any money which might become due him under the policy; that as Pratt had voluntarily delivered possession of the automobile to Raney, Pratt could not recover under the terms of the policy and his appointees had no greater right than he, citing *Smith* v. *Union Ins. Co.*, 25 R. I. 260, as authority.

Picard and the Falks are the other plaintiffs and claim they are entitled to recover on the policy as the delivery of possession of the automobile by Pratt to Raney was without their knowledge or consent.

The rights of the parties depend upon the true construction of the insurance policy. On the policy after the words "Name of Assured" appears "Frank J. Pratt, Woonsocket Reo Sales & Service Co. & J. C. & Morris Falk, as interest may appear. Address of Assured Branch Village, North Smithfield, Rhode Island. Subject to all the provisions, exclusions, conditions and warranties contained in this policy, loss, if any, payable, as interest may appear, to Assured and Woonsocket Reo Sales & Service Co. & J. C. & Morris Falk."

The trial justice erred when he held that Pratt was the only person insured. The policy expressly states the assured to be "Frank J. Pratt, Woonsocket Reo Sales & Service Co. & J. C. & Morris Falk, as interest may appear." The unequivocal language of the policy must be given its plain meaning. Even if it were doubtful who was insured the policy should be liberally construed in favor of the insured as the policy was prepared by the defendant. *Brady* v. *Norwich Union F. Ins. Society, Ltd.*, 47 R. I. 416.

The policy insured three parties "as interest may appear" and the loss, if any, was to be paid to them "as interest may appear." The presence in the policy of the phrase last quoted did not change the rights of the Woonsocket Reo Sales & Service Co. and the Falks as the insured under the policy to the rights of appointees of Pratt under the policy.

It appeared in the policy that there was an unpaid balance due on the automobile. The testimony proved the balance due at the time of the theft to be $1,150. The conditional seller and the Falks had insurable interests in the automobile. Each party could have taken out theft insurance for his own protection. The insurance company was not obliged to write one policy insuring three parties having different interests in the same automobile and where the conditional buyer presumably would have possession of the automobile until he made default in the terms of his contract. If the company issued such a policy to three parties and wished to avoid liability to all of the parties for theft occasioned by the voluntary parting with possession of the automobile by one of them it should have used apt words in its policy to express such an exception.

The reasoning in *Smith* v. *Union Ins. Co., supra*, where the property of only one person was insured against loss by fire and the loss, if any, was made payable to another person, is not applicable to the facts in this case where defendant insured three persons having separate interests in the insured automobile. In *Neal, Clark & Neal Co.* v. *Liverpool & L. & G. Ins. Co. Ltd.*, 178 App. Div. Rep. N. Y. 730, defendant

issued an insurance policy upon a motor cycle covering loss by theft. The policy insured plaintiff and one Arthur "as interest may appear." Arthur stole the motor cycle. The court held that the policy insured each interest separately, that of plaintiff as conditional vendor and of Arthur as conditional vendee, and that plaintiff was not within an exception stated in the policy and was entitled to recover. In *Strombald et al.* v. *Hanover Fire Ins. Co.*, 201 N. Y. Sup. 67, it appeared that defendant issued a policy insuring Strombald and a finance corporation against loss of an automobile by fire or theft "as their respective interests may appear." The automobile was destroyed by fire while the policy was in force. In violation of the provisions of the policy Stromblad conveyed his interest in the automobile to his wife. The court said that both plaintiffs were named as assured. The question was whether one of the two parties named as the assured could, by an act done in violaton of the terms of the policy and without knowledge or consent of the other assured, invalidate the policy as to the other assured. The court held that the liability of the insurance company to the plaintiffs was several and not joint; that the prohibited act done or permitted by one party, without the knowledge or consent of the other, would not work a forfeiture as to the other and directed a verdict for the finance company and for the defendant against Stromblad.

The exception of the plaintiffs, Woonsocket Reo Sales & Service Co. and J. C. & Morris Falk, is sustained.

July 1, 1929, at 9 o'clock a. m., Standard time, defendant may appear before this court and show cause, if any it has, why an order should not be entered remitting the case to the Superior Court with direction to enter judgment for said plaintiffs, Woonsocket Reo Sales & Service Co. and J. C. & Morris Falk, for $1,150 with interest from September 24, 1927, and for the defendant against plaintiff, Frank J. Pratt.

*John R. Higgins, Morris E. Yaraus*, for plaintiff.
*Greene, Kennedy & Greene*, for defendant.