## STUART MOTOR CO. v. GENERAL EXCHANGE INS. CORPORATION.

### No. 2593.

Court of Civil Appeals of Texas. El Paso.

Nov. 12, 1931.

Rehearing Denied Dec. 10, 1931.

Hal Haddix, of Fabens, for appellant.

Jones, Goldstein, Hardie & Grambling, of El Paso, for appellee.

PELPHREY, C. J.

This is an appeal from a judgment in favor of appellee in a suit on an insurance policy. The trial was before the court, who, in response to the request of plaintiff in error, filed the following findings of fact and conclusions of law:

"Findings of Fact.

"1. I find that the truck in question was taken under the following circumstances:

"On December 30, 1929, about four o'clock in the afternoon a person giving his name as George, went to plaintiff's place of business in Fabens, Texas, where the truck was stored, and proposed to buy same. After being shown the truck by plaintiff's salesman, A. G. Huggins, this man George requested permission of Mr. Huggins to drive the truck down to Tornillo, which is five miles down the paved highway, from Fabens, saying he wanted to show it to another man at Tornillo who would help him buy it. George gave his address as Tornillo. Permission was given by Mr. Huggins, and George drove the truck down the road, and from that time neither he nor the truck have been seen or heard from, though diligent effort was made by plaintiff to locate them; that at and before the time said George was given permission to drive said truck to Tornillo he had formed the intention to mis-appropriate same and did so do. Said truck was so mis-appropriated without the consent of the owner thereof and without the consent of those in possession thereof. Huggins was acting within the scope of his authority as salesman.

"2. The plaintiff, Stuart Motor Company, a copartnership composed of R. F. Stuart and B. F. Stuart are the owners of all rights under the policy of insurance here sued on.

"3. The actual cash value of the truck at the time of the theft I find to be $600.00.

"4. Notice and proof of loss were made by the assured as required by the policy, and plaintiff's claim was rejected by the defendant insurance company.

"5. The policy specially excepts loss suffered by the Assured from voluntary parting with the title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise."

"Conclusions of Law.

"From the foregoing I conclude that Plaintiff voluntarily parted with such possession as would exclude them from recovering on the policy, and that judgment must be rendered for the defendant."

The policy which is the basis of the suit in setting forth the perils insured against contains this provision: "(c) Theft, Robbery and Pilferage, excepting by any person or persons in the assured's household, or in the Assured's service or employment, whether the theft, robbery or pilferage occurs during the hours of such service or employment or not; and excepting loss suffered by the assured from voluntarily parting with title and/or possession, whether or not induced so to do by any fraudulent scheme, trick, device or fraudulent pretense or otherwise; and excepting in any case, other than the theft of the entire automobile described herein, robbery or pilferage of tools or repair equipment, motormeters, extra tires and/or tubes and/or rims and/or wheels and/or extra or ornamental fittings."

Appellee contended both in the trial court and in this court that the facts show such a parting with possession of the truck by plaintiff in error as would constitute an exception to the liabilities insured against under the terms of the policy.

Plaintiff, on the other hand, asserts that, under the rule that provisions of an insurance policy must be strictly construed against the insurer; the word "possession" as used in the policy, not being defined therein, should not be limited to an actual manual delivery of possession, and should not be construed to apply to a parting of possession of a temporary character.

The sole question presented by this appeal is whether the parting of the possession of the truck by plaintiff in error as disclosed by the findings of the court was such parting of possession as was contemplated by the exception above quoted. Plaintiff in error cites us to but one case, Security Insurance Co. v. Sellers-Sammons-Signor Motor Co. (Tex. Civ. App.) 235 S. W. 617, 618 (writ refused), and claims that the holding there entitles it to recover on the policy.

The policy in the cited case contained the following provision: "3. This policy for and in consideration of six hundred twenty-five and no/100 dollars ($625.00) initial premium, does attach and cover all automobiles and their equipment while attached to and a component part thereof, owned by the assured from time of delivery to the assured, and to continue until said property is delivered to the purchaser or until same otherwise passes out of the possession of the assured, but only covering within the limits of the United States or Canada as stated in the policy of which this form is a part; this period in no case extending beyond the expiration of this policy."

In the clause enumerating the perils insured against, the exception here under consideration was not included.

The assured recovered on the policy in that case under facts showing that the person who stole the car was permitted to use the car in learning to drive it while the seller was waiting to learn whether a check he had given them in payment therefor was good.

The contention was made in that case by the insurance company that the evidence showed conclusively that the motor company had delivered possession thereof to the thief before it was stolen, and that therefore it was not liable under the provisions of paragraph 3 above quoted.

The court said: "But we do not believe that the expression 'or until same otherwise passes out of the possession of the assured' should be interpreted as applying when the possession of the car is parted with by the owner for merely a temporary expediency, subject to be recalled at any moment, with no intention to pass title. *The language used to the effect that the insurance on each car should continue until said property is delivered to the purchaser or until same otherwise passes out of the possession of the assured indicates that the possession otherwise passing should be of the same permanent character as that passed to a purchaser."* (Italics ours.)

The court then went ahead to say that other provisions of the policy supported the conclusion that the language as used was intended to mean a permanent passing of the possession and not a temporary one.

The question before the court in that case was quite different from the question here. In this case the plaintiff in error, while insuring against theft of the automobile, excepted theft accomplished by false pretext as the same is defined in article 1413, Penal Code. The article reads: "The taking must be wrongful, so that if the property came into the possession of the person accused of theft by lawful means, the subsequent appropriation of it is not theft, but if the taking, though originally lawful, was obtained by any false pretext, or with any intent to deprive the owner of the value thereof, and appropriate the property to the use and benefit of the person taking, and the same is so appropriated, the offense of theft is complete."

Furthermore, it seems to us that the parting of possession as used in the policy here contemplated that it might only be temporary as cases where possession is obtained by fraudulent schemes, tricks, and devices usually arise where the owner delivers the

possession with the intention that it will be only temporary. There may be cases where the pretext would be such that the owner would intend to part both with the title and possession, but it would be a rare case indeed where an owner would intend to part with the permanent possession and not also the title upon a fraudulent representation.

We therefore must conclude that the exception contained in the policy clearly included a loss under facts such as we have before us, and that we would not be at liberty to otherwise construe it.

Having reached such conclusion, the judgment of the trial court must be affirmed.