A. M. KENAN v. DUPLIN MOTOR COMPANY AND OSBORNE LUMBER COMPANY, AND GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION.

(Filed 29 June, 1932.)

1. **Master and Servant F e—Policy of insurance carrier will be construed in favor of injured employee when the policy is ambiguous.**

   Where the policy contract of an insurance carrier issued in accordance with the provisions of the Workmen's Compensation Act is ambiguous the doubt will be resolved in favor of those insured thereunder, having regard to the ascertainment of the intent of the parties as gathered from the instrument as a whole.

2. **Master and Servant F i—Findings of fact of Industrial Commission are conclusive when supported by competent evidence.**

   The findings of fact by the Industrial Commission in a hearing before it are conclusive on the courts when supported by any competent evidence.

**3. Master and Servant F e—Policy held to cover injury to employee while engaged in job incidental to regular business of employer.**

Under the provisions of a policy of an insurance carrier insuring salesmen, drivers, and helpers and all other employees of a motor sales company wherever engaged, whether working at certain places defined or elsewhere in connection with or in relation to such work or places: *Held*, evidence that an employee was engaged at the time of the accident in the incidental business of his employer in unloading logs from a truck, and was working under the orders of his employer as a part of his duties is sufficient to sustain a finding of the Industrial Commission that the policy contract covered the injury.

APPEAL by General Accident Fire and Life Assurance Corporation, from *Devin, J.,* at August Civil Term, 1931, of DUPLIN. Affirmed.

This is an action brought by plaintiff under the North Carolina Workmen's Compensation Act in which he seeks compensation for an "injury by accident arising out of and in the course of the employment." N. C. Code of 1931 (Michie), sec. 8081(f).

The defendant, appellant insurance carrier, denies that the injury was so sustained. The hearing Commissioner and the full Commission sustained plaintiff's contention, and compensation was awarded him, and on appeal by the carrier to the Superior Court the award was sustained. The insurance carrier excepted and assigned error and appealed to the Supreme Court.

*Murray Allen for A. M. Kenan plaintiff and Duplin Motor Company.*
*Clyde A. Douglass for General Accident Fire and Life Assurance Corporation.*

CLARKSON, J. The Duplin Motor Company's liability policy contains the following classifications of operation: "1. (a) Automobile salesmen; (b) *All other employees;* 2. Clerical office employees; 3. (a) *Drivers and drivers' helpers (if not in 1) wherever engaged;* (b) Chauffeurs and chauffeurs' helpers (if not included in 1) wherever engaged." Also "(6) This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which, for the purpose of this insurance shall include all operations necessary, incident or appurtenant thereto, or connected therewith, *whether such operations are conducted at the work places defined and described in said declarations or elsewhere in connection with, or in relation to, such work places."* (Italics ours.)

There are two questions involved in this case: (1) As to whether the policy written by General Accident Fire and Life Assurance Corporation to cover compensation liability of Duplin Motor Company covers the particular type of work plaintiff was engaged in on 11 February,

1930; (2) As to whether plaintiff was a regular employee of the Duplin Motor Company.

The Commission found: "That the plaintiff was a regular employee of the Duplin Motor Company, earning an average of twenty dollars per week. That plaintiff was injured by accident arising out of and in the course of his regular employment by the Duplin Motor Company on 11 February, 1930, while unloading logs; that plaintiff's work was truck chauffeur; that defendant Motor Company was not engaged in logging and lumber business but hauling logs was incident and appurtenant to the regular business of the Duplin Motor Company, as described in the insurance policy issued by the General Accident Fire and Life Assurance Corporation to the Duplin Motor Company, 1 July, 1929." The policy uses the broad language "all other employees," etc.

"If the clause in question is ambiguously worded, so that there is any uncertainty as to its right interpretation, or if for any reason there is doubt in our minds concerning its true meaning, we should construe it rather against the defendant, who was its author, than against the plaintiffs, and any such doubt should be resolved in favor of the latter, giving, of course, legal effect to the intention, if it can be ascertained, although it may have been imperfectly or obscurely expressed." *Walker, J.,* in *Bray v. Ins. Co.,* 139 N. C., at p. 393; *Allgood v. Ins. Co.,* 186 N. C., at pp. 420-21.

It is well settled that if there is any competent evidence to support the findings of fact of the Industrial Commission, although this Court may disagree with such findings, this Court will sustain the findings of fact made by the Commission. We think there was evidence to sustain the findings of the Commission. The judgment of the court below is

Affirmed.