BENNETT CHEVROLET COMPANY *vs.* BANKERS & SHIPPERS INSURANCE COMPANY OF NEW YORK.

MARCH 22, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CONDON, J. This is an action of assumpsit on an insurance policy to recover damages for the theft of an automobile. After a hearing in the superior court before a justice sitting with a jury, a verdict was directed for the plaintiff on its motion and over the objection of the defendant. The case is here on the defendant's exceptions to this ruling of the trial justice and also to his ruling denying defendant's motion for a directed verdict in its favor. Defendant is also pressing a further exception to the ruling of another justice of the superior court, overruling defendant's demurrer to plaintiff's replication to defendant's first additional plea.

The plaintiff is a dealer in automobiles and was insured by the defendant for theft of its automobiles including those on lease and belonging to its salesmen. One of these salesmen, Gerald H. Noonan, drove a Chevrolet automobile, on lease to him and covered by the insurance policy, to Quebec, Canada, over Labor Day, 1932. When he arrived in that city the automobile was stolen from him under the following circumstances. Upon reaching the hotel where he intended staying for the night, he parked his automobile in the street in front of the hotel and then went into the hotel lobby, where he was approached by a man in uniform like the livery of a chauffeur. This man offered to drive the car to the garage for the night. Noonan thereupon inquired of the hotel bellboy, who was about to take him to his room, if the hotel had a garage. The bellboy replied that this man was their garage man and that it was "O. K." to give him the automobile. Accordingly, Noonan gave this man the keys to his automobile with the under-

standing that he was to leave the garage receipt for the car at the hotel desk where he, Noonan, would get it the next morning. This was the last time Noonan saw the car. The next morning, he learned that the car had never been delivered to the garage.

On these undisputed facts, the defendant contends that the loss of the car occurred under conditions which expressly excluded the loss from coverage under the policy. The exclusion clause, 2 (d) Form No. 3, reads as follows: "2 Exclusions. (d) Under the perils of theft, robbery and pilferage (if this policy covers those perils)—loss suffered by the assured in case he voluntarily parts with title to or possession of any automobile at risk hereunder, whether or not induced so to do by any fraudulent scheme, trick, device or false pretence or otherwise;" and is part of a rider attached to the policy. The defendant argues, that on the above facts Noonan voluntarily parted with possession of the automobile by reason of a trick or false pretence. The plaintiff contends in reply that what was parted with was not the "possession" intended by the use of that word in the exclusion clause, but mere custody of a temporary nature.

This raises the question as to what was intended by the use of the word "possession" in the exclusion clause. This word has a variety of meanings. It has been said that, "both in common speech and in legal terminology, there is no word more ambiguous in its meaning than Possession." *National Safe Deposit Co.* v. *Stead,* 232 U. S. 58, 34 Sup. Ct. 209. The same authority says that it has been interchangeably used to describe actual possession and constructive possession and that custody may be in the servant and possession in the master. The efforts of courts and jurists to fix its meaning with some definiteness and certainty have availed little to clarify its ambiguity. Its use in any insurance policy unaccompanied by explanatory words to make clear the sense in which it is employed would seem to be hazardous. The use of it in the exclusion clause

of the policy in the instant case has clearly raised a serious issue.

Under a loose and somewhat non-legal construction, parting with possession could be construed to mean transferring to another the physical control of the chattel or thing, even if restricted to mere custody for the purpose of performing some service for the owner, no matter how temporary or momentary that control might be. On the other hand, under a more strictly legal construction, it could be limited to transferring to another the exclusive physical control of the thing with the intent that the transferee should have a right to exercise that control for his own purposes.

Which of these two constructions should be given to the above words, "voluntary parts with . . . possession", as used in this insurance policy? Under the former construction, the insurer will be favored; under the latter, the assured. Following the precedents of this court, and courts generally, ambiguous language in an insurance policy is to be construed most favorably to the assured. *Newberger* v. *New York Life Ins. Co.*, 56 R. I. 442, 186 A. 472; *O'Donnell* v. *New Amsterdam Casualty Co.*, 50 R. I. 269, 146 A. 410. We find therefore that the facts testified to in the instant case do not bring the loss of this automobile within the meaning of the exclusion clause as to voluntarily parting with possession. Defendant's second exception cannot therefore be sustained on this ground.

Defendant, however, advances a further ground in support of its second exception. It contends that, at the time of the loss, the automobile was not being used in the ordinary course of the plaintiff's business and therefore the loss is not covered by the policy. There was evidence that the trip was a combination, so to speak, of business and pleasure, and the trial justice found that the requirement of the policy was satisfied by this evidence. Whether or not the trip was a trip for business or pleasure, or a combination of both, does not appear to us to be of any consequence

in the light of the rider attached to this policy, by force of which this automobile belonging to Noonan on lease from the plaintiff was covered by the policy. We have carefully examined this rider and we do not find any limitation therein upon the use of this automobile. Unless the lease from the plaintiff to Noonan expressly stipulated that this automobile was to be used only in the course of plaintiff's business, and there is no evidence that it did, then there is no reason for holding that, by necessary implication, this policy must have contemplated such a limitation.

The insurer drew the rider, which expressly stated that the policy was extended to cover cars on lease "belonging to the salesmen of the assured and *operated by the following*: . . . ." (Italics ours.) If it intended to limit this insurance to the extent of operation by these salesmen in the ordinary and usual course of the assured's business why did it not say so? In view of defendant's knowledge that the automobiles belonged to the individual salesmen as long as they complied with the obligations of the lease, it must be presumed to have known the use to which the salesmen would put these automobiles, and that such use would not be confined solely to the plaintiff's business. Conditions specified in the policy and clearly applicable to the automobiles of the assured, which he had for sale, cannot reasonably be applied to the automobiles of the salesmen which they held as their own on lease and which they were free to operate without restrictions, at least as far as we are aware from the evidence in the instant case.

We are of the opinion, therefore, that the second ground of defendant's second exception is untenable and that the trial justice did not err in directing a verdict for the plaintiff, although his action was based on a different ground. On this view, it is unnecessary to consider defendant's third and fourth exceptions.

There remains, however, defendant's first exception which relates to the overruling of its demurrer to plain-

tiff's replication to defendant's first additional plea. On the facts as pleaded, we think the decision of the trial justice was correct. Inasmuch as the facts are set out in the pleadings, we shall not restate them here. On analysis the situation presented by these facts is not unlike that presented to this court in *Hamblin* v. *Newark Insurance Co.*, 48 R. I. 473, and we think the principles there laid down are properly applicable to the instant case. While the defendant did not brief this particular point, it expressly stated in its brief that it did not waive it. Such aid as we have received on the point has come from the treatment of it in the plaintiff's brief. We disapprove of this manner of pressing exceptions here, as it deprives us of the full benefit which we should have of the considered arguments and the citation of authorities by the excepting counsel. Points fully treated in the brief may on occasions be passed over in oral argument with the statement that they are nevertheless pressed, without the detriment that may result from the practice which is here disapproved. Nevertheless, we are satisfied, upon due consideration, that the defendant's first exception is without merit, and must be overruled.

All of the defendant's exceptions are overruled and the case is remitted to the superior court for the entry of judgment on the verdict as directed.

*Herman J. Aisenberg, Martin M. Zucker,* for plaintiff.
*Henry M. Boss, Francis W. Conlan,* for defendant.