RUFUS D. ROBERTS v. AMERICAN ALLIANCE INSURANCE COMPANY.

(Filed 22 September, 1937.)

1. **Insurance § 22d—**

The requirement of "unconditional and sole ownership" in a policy of fire insurance in the standard form as required by C. S., 6437, is statutory as well as contractual.

2. **Partition § 9—Parol partition by tenants in common is conclusive as to strangers.**

Where tenants in common have the land surveyed pursuant to a parol partition, and a plat made thereof, and divided, and each goes into possession of the part allotted to him, claiming same in severalty, the partition is good as among the tenants unless the statute of frauds be invoked and relied on as a defense, and as strangers may not take advantage of the statute, as to them each tenant is the sole and unconditional owner of his part.

3. **Insurance § 22d—**

Where tenants in common divide the land by parol partition and each goes into possession of his share, claiming same in severalty, each has sole and unconditional ownership of his share within the meaning of the provision in the standard form fire insurance policy.

4. **Same—Condition in fire policy that insured have sole and unconditional ownership will be construed rationally.**

The provision in a policy of fire insurance that insured have sole and unconditional ownership of the property will not be construed technically to the prejudice of the policyholder, but rationally to protect insurer

1—212

from extraordinary risks, and the provision of the policy is satisfied if insured is in exclusive possession of the entire estate under claim of right, without assertion of adverse title by another, and insurer has not been misled and its rights in no way adversely affected.

**5. Insurance § 13—**

An insurance policy, having been written by insurer, will be liberally construed in favor of insured, but its plain, unambiguous terms must be given effect.

APPEAL by defendant from *Williams, J.,* at April Term, 1937, of CURRITUCK.

Civil action to recover on a policy of fire insurance.

The policy in suit was issued by defendant to plaintiff, 8 August, 1936, on dwelling, tenant house, barn and contents, situate on plaintiff's farm in Currituck County. The insured property was destroyed by fire 24 August, 1936.

Defendant denies liability under a clause in the policy which provides: "This entire policy shall be void, unless otherwise provided by agreement in writing added thereto, (a) if the interest of the insured be other than unconditional and sole ownership."

The facts relative to plaintiff's ownership of the property are that on 22 March, 1924, plaintiff and his brother, Oscar F. Roberts, purchased 37 acres of land in Currituck County and took title to the same as tenants in common. On 8 July, 1932, pursuant to parol partition, the property was surveyed, plat made thereof, and divided, the plaintiff being allotted the southern part, upon which he had erected, at his own expense, the houses and barn in question, and his brother being allotted the northern part. Thereafter, each occupied and claimed his respective share in severalty.

From directed verdict and judgment for plaintiff, the defendant appeals, assigning errors.

*M. B. Simpson and R. Clarence Dozier for plaintiff, appellee.*
*J. M. Broughton and Chester R. Morris for defendant, appellant.*

STACY, C. J. The policy in suit is in the standard form as prescribed by C. S., 6437. The requirement of "unconditional and sole ownership" is statutory, *Black v. Ins. Co.,* 148 N. C., 169, 61 S. E., 672, 21 L. R. A. (N. S.), 578, as well as contractual. *Weddington v. Ins. Co.,* 141 N. C., 234, 54 S. E., 271. Its validity is not mooted on the present record. *Johnson v. Ins. Co.,* 201 N. C., 362, 160 S. E., 454; *Hardin v. Ins. Co.,* 189 N. C., 423, 127 S. E., 353; *Roper v. Ins. Co.,* 161 N. C., 151, 76 S. E., 869; *Bank v. Ins. Co.,* 187 N. C., 97, 121 S. E., 37; *McIntosh v. Ins. Co.,* 152 N. C., 50, 67 S. E., 45; *Hayes v. Ins. Co.,* 132 N. C., 702, 44 S. E., 404.

Is plaintiff's interest or ownership in the property sole and unconditional within the meaning of the policy? We think the trial court correctly answered the question in the affirmative. *Kenton Ins. Co. v. Wigginton,* 89 Ky., 330, 7 L. R. A., 81.

Plaintiff is in the exclusive use and enjoyment of the property under claim of right. *Modlin v. Ins. Co.,* 151 N. C., 35, 65 S. E., 605. His title to the part allotted to him in partition is good as against his brother (*Collier v. Paper Corp.,* 172 N. C., 74, 89 S. E., 1006), unless the statute of frauds be invoked or relied upon as a defense, and a stranger to the transaction, such as the defendant, can take no advantage of the statute. *Cowell v. Ins. Co.,* 126 N. C., 684, 36 S. E., 184; 26 C. J., 173. Hence, in the present action, as against the defendant, it is proper to say he is the sole and unconditional owner thereof. Such was the plaintiff's understanding when he took out the insurance, and he alone has suffered loss by the destruction of the property. *Valenti v. Imperial Assur. Co.,* 176 Atl., 413. It is not thought that he must show title absolutely good against the world. *Crider v. Simmons,* 96 S. W. (2d), 471. It is enough if his interest be sole and unconditional in the generally accepted sense. *Bardwell v. Com. Union Assur. Co.,* 105 Vt., 106, 163 Atl., 633. The plaintiff had no misgivings as to his complete ownership in the property when applying for the insurance, and his failure to express a doubt when none existed in his own mind ought not to be held against him. The defendant assumed the risk which it intended. It has not been misled, and its rights have in no way been affected by the matter now presented. *Atlas Fire Ins. Co. v. Malone,* 99 Ark., 428.

It is held by courts of recognized authority, and our own decisions point in the same direction, that where one is in the exclusive use and enjoyment of the entire estate, under claim of right, without assertion of adverse title by another, his interest is properly described as sole and unconditional ownership, within the meaning of a policy of insurance containing such provision, although his title may be defective in some particular. *Modlin v. Ins. Co., supra; Jordan v. Ins. Co.,* 151 N. C., 341, 66 S. E., 206; *Lancaster v. Ins. Co.,* 153 N. C., 285, 69 S. E., 214; *Western Assur. Co. v. Hughes,* 179 Okla., 254, 66 Pac. (2d), 1056; 14 R. C. L., 1052, *et seq.* See annotation, L. R. A., 1918 E, 375.

In *Hankins v. Williamsburg City Fire Ins. Co.,* 96 Kan., 706, 153 Pac., 491, L. R. A., 1918 E, 373, Ann. Cas., 1918 C, 135, it was held (as stated in syllabus, which accurately digests opinion) : "A fire insurance policy upon a building, containing a stipulation that the policy 'shall be void . . . if the interest of the insured be other than unconditional and sole ownership,' is not invalidated because of an outstanding naked legal title in another where the insured has the equitable title, the entire beneficial ownership of the property, and is in undisputed possession of the same."

Again, in *American Basket Co. v. Farmville Ins. Co.,* 1 Fed. Cas. No. 290, p. 618, it appeared that the beneficial title was in the insured, a foreign corporation, but that the legal title was carried in the name of one of its officers because of a statute forbidding the ownership of realty by a foreign corporation: *Held,* the requirement of "entire, unqualified, and sole" ownership for insured's "own use and benefit" satisfied, notwithstanding naked legal title in another.

In disposing of the case, the following pertinent animadversions were made on the subject: "Policies of insurance, like all other written contracts, must be construed and enforced according to their terms. If they convey a plain, practical meaning, that meaning must be carried into effect. Policies of insurance differ somewhat from other contracts, however, in respect to the rules of construction to be applied to them. They are unipartite. They are in the form of receipts from insurers to the insured, embodying covenants to compensate for losses described. They are signed by the insurer only. In general, the insured never sees the policy until after he contracts and pays his premium, and he then most frequently receives it from a distance, when it is too late for him to obtain explanations or modifications of the policy sent him. The policy, too, is generally filled with conditions inserted by persons skilled in the learning of the insurance law and acting in the exclusive interest of the insurance company. Out of these circumstances the principle has grown up in the courts that these policies must be construed liberally in respect to the persons insured, and strictly with respect to the insurance company. See *Insurance Co. v. Wilkinson,* 13 Wall. (80 U. S.), 232.

"Another rule of the law in regard to fire insurance is to discourage wager policies; that is to say, policies taken by persons who have no interest in the property insured, and in which such persons merely bet that the property will not be burned. Such insurances are contrary to public policy and promote fires. The law will, therefore, give force to all provisions in policies of fire insurance which require that the person who takes out the policy shall have an interest in the property, and shall disclose that interest with precision in his 'application' for insurance. That is the purpose of the law, and is the object sought to be subserved by the insertion of clauses voiding them in cases where deception is practiced in regard to the real ownership of the property insured; and terminating them whenever, during the period of insurance, the person holding a policy ceases to own the property, and it becomes thereby a wager policy. Therefore, clauses in policies requiring a truthful statement of the interest of the applicant for insurance, and forbidding changes of ownership during the period of insurance, are to be construed not technically to the prejudice of the policyholder, but

rationally and fairly to protect the insurance company from the extraordinary risks, and from the certain and numerous losses which would fall upon them from insurance of property not actually owned by the persons insured.

"In the case under trial there are two questions, which have formed the subject of contention between counsel, and upon which instructions are asked of the court.

"1. The first is, whether plaintiffs' right to recover is defeated by the fact that the record-title could not be held by the plaintiffs under the laws of Delaware, and was therefore vested in Mr. Orrin E. North, if not made known to the defendant or its agent at the time of the insurance (issuance) of the policy, considered in connection with the statement in the application for insurance that the title was 'in the name of' the plaintiffs. I am of opinion that it is not defeated by that fact if the plaintiffs were the 'entire, unqualified, and sole owners' of the property insured 'for their own use and benefit.' I do not think that the fact of the record-title being in Mr. North of itself defeats their right to recover, unless their statement in the application was made to deceive and mislead the insurance company. The evil sought to be avoided by those provisions of the policy requiring a correct statement of the plaintiffs' interest in the property was the insurance of property not owned by the holder of the policy, the destruction of which would not cause a loss to that holder equal to the value of the property destroyed. If the plaintiffs in the case at bar were the owners of the entire beneficial interest in the property at the taking out of the policy, and would have been losers to the full extent of its value if it had been destroyed, then this ownership fulfilled every purpose which the provisions of the policy in regard to a disclosure of interest were designed to secure, and, in the absence of fraud or fraudulent misrepresentation, a merely technical difference in the title, set out in the application, ought not in equity and good conscience to defeat the plaintiffs, if they are otherwise entitled to recover."

To like effect is the decision in *McCoy v. Iowa State Ins. Co.,* 107 Ia., 80, 77 N. W., 529, where it was held that since the condition referred to the interest of the insured and not to his title, the fact that the naked legal title was in another would not invalidate the policy, the insured being the beneficial owner at the time of the issuance of the policy.

On the whole, it is concluded that the correct result was reached in the court below. The verdict and judgment will be upheld.

No error.