BOTNICK MOTOR CORP., Respondent, v. NORTHERN INSURANCE COMPANY OF NEW YORK, Appellant.— Appeal from a judgment of the Supreme Court in favor of the plaintiff, after trial by the court, entered in the office of the clerk of Broome county on July 15, 1937. The action is brought to recover damage loss, under a policy according to which the defendant insured the plaintiff against loss or damage to its automobiles by " theft, larceny, robbery and pilferage," except when such loss or damage was suffered by the assured when " he voluntarily parts with title to or possession of any property * * * whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise." Floyd Elliott came to plaintiff's sales agency in Binghamton ostensibly to buy an automobile, and after selecting one and discussing price and terms, he asked to be allowed to take the car away over night, and to make the required payment the next day. This request was refused, but he was allowed to go with an agent to observe a demonstration, and to test the car by driving it. Elliott was allowed to make several calls in the city at places where he and relatives lived, and elsewhere. He then was permitted to drive the car several miles out of the city. While attempting to turn around on a country road, the car stalled, and the agent got out to examine the road and aid in turning around. On getting back into the car Elliott said a tire on his side seemed to be flat, and asked the agent to inspect it. When the agent got out to do so, Elliott drove away rapidly, although commanded by the agent to stop. At some distance from this place an accident happened, and the car was damaged. Elliott testified that he was addicted to the excessive use of liquor and a drug, and was then under the influence of both,

and that he had no recollection of any of these facts, and that his mind was blank for four days thereafter; and finally, that he did not intend to steal the car. The defendant urges three points by way of defense: That Elliott was mentally incapable of criminal intent in stealing the car; that plaintiff's agent surrendered possession of the car voluntarily through a fraudulent trick, when he got out to examine the tire; and that Elliott's act in driving off with the car was not theft within the meaning of the policy. The trial judge refused to credit the testimony of Elliott, and held that he was not intoxicated, nor under the influence of a drug. But, on the contrary, that he knew what he was doing when he took plaintiff's car. These conclusions are amply supported by the evidence. To say that the plaintiff voluntarily surrendered possession of the car as a result of fraud is spurious argument and sophistry, if not sheer quackery. The plaintiff refused to loan the car to Elliott, but sent its agent to demonstrate it. When the agent got out of the car to examine the tire, its possession was not surrendered to Elliott in any degree or in any honest sense. Elliott's act in driving away with the car on a country road at night, in violation of the command to stop, given by the agent who had possession, was an unlawful taking and appropriation to his own use, and was theft both in law and within the terms of the contract of insurance; and the creditable evidence was ample to establish a criminal intent to deprive plaintiff permanently of its property. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.