CLAUDE R. WILLIAMS, EMPLOYEE, v. ORNAMENTAL STONE COMPANY, EMPLOYER, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER.

(Filed 10 May, 1950.)

**1. Master and Servant § 42b—**

Where a policy of insurance covering liability for injuries to employees under the Workmen's Compensation Act is ambiguous as to the employees covered, such ambiguity will be resolved against the insurer.

**2. Same—Policy held to cover employees engaged in operations incident to employer's business, though performed at separate place.**

The employer was engaged in a single business and secured insurance covering its employees engaged in business operations at its principal place of business and all operations incident or appurtenant thereto "whether conducted at the places . . . described in said Declarations or elsewhere in connection with or in relation to such work places." *Held:* The policy covered employees at a stone quarry some forty miles distant from the employer's main business office which was operated in connection with the employer's business and controlled from its main office, and a further provision in the policy that the employer conducted no other business operations at other locations not disclosed "except: Other locations not covered hereunder" does not preclude liability for employees at the stone quarry, since the term "other locations" is ambiguous and will be construed to mean locations other than those designated or included in the policy.

**3. Same—**

The fact that insurer fails to collect premiums based on the wages of some of the employees covered by the policy does not preclude liability for injuries to such employees.

**4. Master and Servant § 55d—**

The findings of fact made by the Industrial Commission are conclusive on appeal when supported by competent evidence.

APPEAL by plaintiff and defendant Stone Company from *Armstrong, J.,* October Term, 1949, of ROWAN. Reversed.

The plaintiff claimed compensation under the Workmen's Compensation Act for disablement by silicosis while employed by defendant Stone Company at its quarry.

Upon the evidence introduced the Industrial Commission found that defendant Stone Company was bound by the provisions of the Workmen's Compensation Act, and that claimant's disability was due to silicosis, and that the last injurious exposure was with defendant Stone Company during the time the policy of defendant's insurance carrier, the American Mutual Liability Insurance Company, was in force. On the facts found by it, the Commission concluded that claimant's employment at the time and place of injury was covered by the policy issued by defendant Insurance Company, and thereupon awarded compensation to claimant in accord with the statute against the Stone Company and its insurance carrier.

The defendant Insurance Company appealed to the Superior Court, where the award as it affected the Stone Company was affirmed, but the conclusion and award of the Industrial Commission as to the defendant Insurance Company was reversed, on the ground that there was no evidence to support it.

The plaintiff and the defendant Stone Company excepted and appealed to this Court, assigning error in the failure of the court to affirm the decision and award of the Commission as to the Insurance Company.

*Pierce & Blakeney and Nelson Woodson for plaintiff, appellant.*

*Ralph V. Kidd for defendant Ornamental Stone Company, appellant.*

*Helms & Mulliss and James B. McMillan for American Mutual Liability Insurance Company, appellee.*

DEVIN, J. It was not controverted that the claimant's last exposure to the occupational disease of silicosis occurred while he was in the employ of defendant Stone Company, and that as against his employer compensation therefor was properly awarded. G.S. 97-58; *Young v. Whitehall Co.,* 229 N.C. 360, 49 S.E. 2d 797.

The only question presented by the appeal is whether from the testimony introduced there was any evidence to support the finding of the Industrial Commission that the disease which caused the disablement of the claimant while in the employ of defendant Stone Company was within the coverage of the policy issued by the defendant Insurance Company.

The policy designated the operations of the insured as "concrete products mfg.—shop or yard work only," and the location as 2336 South Boulevard, Charlotte, North Carolina, and contained the following pertinent provisions:

"This agreement shall apply to such injuries so sustained by reason of the business operations described in said declarations which for the purpose of this insurance shall include all operations necessary, incident

or appurtenant thereto or connected therewith, whether such operations are conducted at the work places defined and described in said Declarations or elsewhere in connection with or in relation to such work places.

"The premium is based upon the entire remuneration earned during the policy period of all employees of—this employer engaged in the business operations described in said declarations together with all operations necessary, incident or appurtenant thereto or connected therewith, whether conducted at such work places or elsewhere in connection therewith, or in relation thereto . . .

"4. The foregoing enumeration and description of employees includes all persons employed in the service of this Employer in connection with the business operations above described to whom remuneration of any nature in consideration of service is paid, allowed or due together with an estimate for the Policy Period of all such remuneration. . . . .

"5. This employer is conducting no other business operations at this or any other location not herein disclosed except: Other locations not covered hereunder."

From the findings of the Industrial Commission and the evidence offered as shown by the record, it appears that during the time this policy was in force and the claimant as employee of the insured was exposed to silicosis, the defendant Stone Company was engaged in "concrete products and dimension quarry," including processing stone for building, monumental and ornamental purposes, with its office in Charlotte. The quarry, belonging to defendant Stone Company, and from which the stone was obtained and where the stone was fabricated, is located at Faith, North Carolina, 40 miles from Charlotte. There fifteen or twenty workmen were employed, including claimant Williams, under a foreman, and the operations were controlled by orders from the Charlotte office where payrolls were kept and from which checks for wages were sent. Claimant was engaged in cutting and polishing stone. This place was referred to by one of the witnesses as "one of the work places of the company."

It is apparent that the work at the quarry was necessary and appurtenant to the business of the Stone Company and was controlled and directed from the office in Charlotte, and that the employees working there were covered by the policy, and by proper interpretation were included in its terms (*Miller v. Caudle,* 220 N.C. 308, 17 S.E. 2d 487), unless excluded by the words added at the end of paragraph 5 above quoted, "other locations not covered hereunder." This addenda presents some difficulty. It is not clear whether it was intended by these words to exclude all employees of defendant Stone Company except those in the Charlotte office, or whether "other locations" meant locations other than those designated or included in the policy. However, in *Miller v.*

*Caudle, supra,* where on similar facts the liability of this same Insurance Company, under an identical policy, was considered by this Court, it was said, "If the language of the policy is not clear but ambiguous, and there is uncertainty as to its right interpretation, the doubt is resolved against the Insurance Company." We are inclined to adopt that view. It was conceded that the policy was intended to cover the operations of the Stone Company in Charlotte, and we think its terms included operations "conducted elsewhere in connection therewith." Nor is it to be supposed that the parties intended to insure only a portion of the employees of a single business. We think the Industrial Commission has ruled correctly and its award should be upheld.

It was urged by appellee that no premiums were collected on the employees at the quarry. But this fact would not preclude recovery by the claimant if the policy covered his employment. Payrolls were open to inspection of Insurance Company, and the Industrial Commission has authorized the Insurance Company, in case the award is upheld, to collect the premiums based on the number of employees at the quarry.

Counsel have called our attention to decisions in other jurisdictions, some tending to support the claimant's position here, and others indicating a different view. Without attempting to analyze or distinguish these cases, we are content to rest our decision upon a proper interpretation of the terms of the policy in the light of the findings of fact made by the Industrial Commission on the evidence offered. It is well settled that these findings if supported by competent evidence are conclusive on appeal. *Kenan v. Motor Co.,* 203 N.C. 108, 164 S.E. 729; *Fox v. Mills,* 225 N.C. 580, 35 S.E. 2d 869; *Rewis v. Insurance Company,* 226 N.C. 325, 38 S.E. 2d 97.

We conclude that the court below correctly upheld the award of compensation to claimant, but that there was error in holding on the facts found by the Commission that the defendant Insurance Company was not liable under the terms of the policy therefor.

The cause is remanded for judgment in accordance with this opinion.

Reversed.