## FIREMAN'S FUND INS. CO. OF SAN FRANCISCO v. McCONNELL.

### No. 13813.

United States Court of Appeals
Fifth Circuit.

Aug. 8, 1952.

Rehearing Denied Sept. 4, 1952.

---

Alex W. Smith, Atlanta, Ga., R. Wilson Smith, Jr., Gainesville, Ga., for appellant.

A. C. Wheeler, Gainesville, Ga., for appellee.

Before HOLMES, BORAH, and RIVES, Circuit Judges.

RIVES, Circuit Judge.

The main thrust of this appeal is an attack upon the decision of this court on former appeal, 178 F.2d 76, in the construction and application of the exclusion clause of the policy against loss in case the insured "voluntarily parts with title to or possession of any automobile at risk hereunder, whether or not induced so to do by any fraudulent scheme, trick, device or false pretense or otherwise." The appellant insists that the decision of this court is in line with only one case,[1] and is opposed to the decisions of the other state courts of last resort which have considered the question.[2]

We think that the distinguishing feature of the decisions is well pointed out by the Supreme Court of Arkansas in the latest one of the several cases cited, Galloway v. Marathon Insurance Co., supra.

"Construing the clause against the insurer, the courts hold that for the exception to apply the insured must part with possession as distinguished from mere custody. Thus where the insured's salesman entrusted custody of the car to a hotel employee so that it could be driven to the hotel garage, it

1. Tripp v. U. S. Fire Insurance Company, 141 Kan. 897, 44 P.2d 236.

2. · Gunn v. Globe & Rutgers Fire Insurance Company, 24 Ga.App. 615, 101 S.E. 691; Aetna Casualty & Surety Company v. Salyers, 294 Ky. 826, 172 S.W.2d 635; Stuart Motor Company v. General Exchange Insurance Corp., Tex.Civ. App., 43 S.W.2d 647; Boyd v. Travelers Fire Insurance Co., 147 Neb. 237, 22 N.W.2d 700; McDowell Motor Company v. New York Underwriters Insurance Co., 233 N.C. 251, 63 S.E.2d 538; Jacobson v. Aetna Casualty & Surety Co., 233 Minn. 383, 46 N.W.2d 868; Nelson v. Pennsylvania Fire Insurance Co., 154 Neb. 199, 47 N.W.2d 432; and Galloway v. Marathon Insurance Co., Ark., 248 S.W.2d 699, 700.

was held that possession had not been relinquished. Bennett Chevrolet Co. v. Bankers & Shippers Ins. Co., 58 R.I. 16, 190 A. 863, 109 A.L.R. 1077. But when the dealer voluntarily parts with actual possession rather than mere custody, the loss is excluded from the coverage of the contract. Jacobson v. Aetna Casualty & Surety Co., 233 Minn. 383, 46 N.W.2d 868, 872."

We adhere to our decision on former appeal [178 F.2d 78] that under the facts and circumstances of this case the insured "only parted with temporary custody" of the automobile.

■ A few questions not decided on the former appeal are now presented. The car was stolen from a lot used by the insured for the auction of second-hand automobiles at Lakewood in Atlanta, Georgia. The policy gave the insured's address as 424½ Athens Street, Gainesville, Georgia, and contained a provision in Paragraph 3 of the form of automobile dealers' open policy rider or endorsement on the policy, which we quote in the footnote.[3] Item 6 of the part of the policy captioned "Declarations" is quoted in another footnote.[4] No question

was presented in this case as to the storage of the automobile that was stolen, but the theft occurred during the active conduct of an auction of that and other used cars. In our opinion, Paragraph 3 quoted in footnote (3), supra, is without application.

■ The judgment of the district court includes $600.00 as damages and $500.00 as attorney's fees, for which the defendant insurance company was held liable under Georgia Code Ann., Sec. 56–706 (see also 20–1404) set out in the margin.[5] Whether the refusal of the insurance company to pay the loss was in bad faith must be determined, we think, as of the situation presented at the time of refusal. If the defendant insurance company thereafter entered into a defense of the suit in good faith, it is entitled to contest it to its ultimate conclusion without reference to the number of trials and without reference to the ultimate outcome of the case, unless in the continuance of the litigation the defendant is acting in bad faith or is stubbornly litigious. We do not think that the insurance company in this case is subject to the charge of bad faith or frivolous defense, or of being stubbornly litigious. The de-

3. "3. Named Locations The specific locations named in the Schedule of Locations and Limits of Liability hereinafter are all the locations or spaces within locations owned, rented or controlled, wholly or in part, by the Insured and used by the Insured as places of storage of automobiles at the date of inception of such Policy or to be used by the Insured as such during the term of such Policy. No liability shall attach hereunder at any location or space within location owned, rented or controlled, wholly or in part, by the Insured and used by the Insured as a place of storage of automobiles, except for a period of forty-eight hours after commencement of such use, unless such location or space within location has been reported to the Company and endorsed thereon."

4. "Item 6. Territory, Purposes of Use: This policy applies only while the automobile is within the United States of America, its territories or possessions, Canada or Newfoundland, or is being transported between ports thereof, and is owned, maintained and used for the purposes stated herein as applicable hereto."

5. "56–706(2549) Insurance companies shall pay damages and attorney's fees, when.—The several insurance companies of this State and foreign insurance companies doing business in this State in all cases when a loss shall occur and they shall refuse to pay the same within 60 days after a demand shall have been made by the holder of the policy on which said loss occurred, shall be liable to pay the holder of said policy, in addition to the loss, not more than 25 per cent. on the liability of said company for said loss; also, all reasonable attorney's fees for the prosecution of the case against said company: Provided, it shall be made to appear to the jury trying the case that the refusal of the company to pay said loss was in bad faith." (Acts 1872, p. 43)

"20–1404 (4392) Expenses of litigation.—The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

cision of Judge Russell on the first trial of this case dismissing the case on conclusion of the plaintiff's evidence demonstrates that the defenses were at least sufficiently meritorious as to engender honest and reasonable differences of opinion. The judgment for $600 as damages and $500 as attorney's fees is, therefore, reversed and in other respects the judgment of the district court is affirmed. The costs of appeal are taxed against the appellant.

Reversed in part and affirmed in part.