E. L. BROWN v. PROVIDENT LIFE & CASUALTY INSURANCE COMPANY, A CORPORATION

No. 7725SC202

(Filed 7 February 1978)

1. Insurance § 43.1— hospitalization policy—exclusion of work related injury

Plaintiff was not entitled to coverage under an insurance policy which excluded coverage for "treatment of bodily injuries arising from or in the course

of any employment" where the evidence tended to show that plaintiff was self-employed; his accident occurred when he was standing near a truck containing boards used in plaintiff's business enterprise; though plaintiff had not moved the truck or the boards, he was standing beside the truck to determine where he would move it to unload the boards; and at the time of the accident, plaintiff had left his home and had begun another day's work.

2. **Insurance § 6.3— policy construed favorably to insured—limitation—unambiguous language**

The rules requiring an insurance policy to be construed favorably to the insured and against the insurer apply only where the language of the policy is ambiguous or reasonably susceptible to two interpretations.

3. **Insurance § 43.1— hospitalization policy—exclusion of work related injury—strict construction**

An exclusion in an insurance policy which denied recovery for injuries arising "from or in the course of any employment" should not be construed to deny benefits under the policy only where there was other insurance coverage, including Workmen's Compensation.

APPEAL by plaintiff from *Snepp, Judge.* Order entered 25 January 1977 in Superior Court, CALDWELL County. Heard in the Court of Appeals 16 January 1978.

Plaintiff, who was insured under a hospitalization policy issued by defendant, instituted this civil action to recover benefits under the policy for medical and hospital costs incurred as a result of an accident.

The case was decided by the court on the parties' joint motion for summary judgment. In their motion, the parties stipulated to the following facts: Plaintiff, who was self-employed, was in the business of making and selling wooden skids. Plaintiff's procedure for making the skids was to cut his own timber, operate his own sawmill to convert the timber into boards, and then take the boards to Pine Mountain Lumber Company where the boards were cut into various lengths.

On 24 March 1976, plaintiff took a load of boards in his brother's truck to Pine Mountain Lumber Company, and he returned home the same evening with various lengths of boards arranged into bundles, each bundle being wrapped with two metal bands. The loaded truck was parked overnight outside plaintiff's residence. The following morning at approximately 8:15 a.m., the accident occurred:

6. . . . [P]laintiff left his residence and came to stand beside this truck to determine where he would move the truck to unload the boards, not yet having made any effort to unload those boards.

7. His brother, Ken Brown, also came to stand directly behind the truck also not having made any effort to unload the boards on the truck.

8. Ken Brown then yelled to his brother, the plaintiff, "look out" as the bands on a bundle of the 36-inch boards broke and fell onto plaintiff, causing serious injury from which he was hospitalized and received medical treatment.

The court concluded that plaintiff was not entitled to recover benefits under the insurance policy and granted summary judgment in favor of defendant, thereby dismissing the action. Plaintiff appeals.

*Bryce O. Thomas, Jr., for plaintiff appellant.*

*Townsend, Todd and Vanderbloemen by William S. Respass, Jr., for defendant appellee.*

PARKER, Judge.

[1] Plaintiff's insurance policy contained a clause excluding coverage "for treatment of bodily injuries arising from or in the course of any employment." The sole question presented by this appeal is whether plaintiff's injuries arose "from or in the course of" his employment.

Plaintiff was self-employed, and the stipulated facts clearly show that he had begun the performance of the duties of his job. The boards were plaintiff's stock in trade, and the borrowed truck was being used as an essential part of his business enterprise. At the time of the accident, plaintiff had left his home and had begun another day's work. Although he had not actually moved the truck or the boards, plaintiff was "stand[ing] beside this truck to determine where he would move the truck to unload the boards" when the accident occurred.

[2, 3] In his brief, plaintiff does not contend that he was not engaged in the performance of the duties of his job at the time of the accident. Instead, relying on cases holding that insurance

policies should be construed favorably to the insured, plaintiff argues that the purpose of the exclusion was to avoid double coverage with the North Carolina Workmen's Compensation Act and that the exclusion should therefore be construed to deny benefits under the policy only where the employer is required to provide coverage under the Workmen's Compensation Act. However, the rules requiring an insurance policy to be construed favorably to the insured and against the insurer apply only where the language of the policy is ambiguous or reasonably susceptible to two interpretations. An insurance policy is subject to the same rules of interpretation applicable to contracts generally, and where unambiguous terms are used, "they will be interpreted according to their usual, ordinary, and commonly accepted meaning." *Motor Co. v. Insurance Co.*, 233 N.C. 251, 254, 63 S.E. 2d 538, 541 (1951). The meaning of the exclusion is clear. It denies recovery for injuries arising "from or in the course of any employment." The application of this exclusion does not depend upon the existence of any other form of insurance coverage, including Workmen's Compensation, and the trial court correctly ruled that plaintiff was not entitled to recover on the policy.

Affirmed.

Judges MARTIN and ARNOLD concur.