MARY SUE GORE v. SOUTH CAROLINA INSURANCE COMPANY

No. 7420DC183

(Filed 5 June 1974)

Insurance § 88— garage liability policy — conditional sales contract — coverage of buyer

Clause of a garage liability policy issued to an automobile dealer which excluded coverage of persons in possession of an automobile pursuant to a conditional sales contract was invalid as being in conflict with the provisions of G.S. 20-279.21(b)(2); therefore, the trial court properly determined that a driver was insured under the policy at the time of an accident where he had signed a conditional sales contract for the car but title had not been transferred to him pursuant to G.S. 20-72 and he was using the car within the scope of his permissive use.

APPEAL by defendant from Mills, District Court Judge, 18 June 1973 Session of District Court held in RICHMOND County.

The case was heard by the court without a jury.

Plaintiff Mary Sue Gore instituted this action against South Carolina Insurance Company to recover on a $5,000.00 judgment against Michael Harold Gore whom plaintiff alleged was insured by defendant.

Plaintiff's evidence tended to show the following. On 17 October 1965, plaintiff was injured in a single car accident while a passenger in an automobile driven by her husband, Michael Harold Gore. The automobile was allegedly owned by W & W Auto Sales, although plaintiff and her husband had signed a conditional sales contract for its purchase on 16 October 1965. Gore had paid W & W Auto Sales 50% of the agreed down payment and had made application for automobile insurance. Gore was operating the vehicle pursuant to a 96-hour loan permit issued by W & W Auto Sales. The permit was issued on 16 October at 12:30 p.m. It contained a declaration by an authorized representative of W & W Auto Sales that W & W Auto Sales was the owner of the vehicle and dealer plate and that the same were loaned to Gore. Plaintiff instituted an action against Michael Gore to recover for personal injuries sustained in the wreck. Defendant had issued a garage liability policy to W & W Auto Sales. Defendant was notified of plaintiff's action against Michael Gore but declined to defend. Judgment was entered for plaintiff who in this action now seeks to recover from defendant Insurance Company.

Defendant's evidence tended to indicate that although Gore was operating the vehicle in question under a 96-hour dealer's permit, he was told to return the permit and temporary tag later in the afternoon on 16 October. C. T. Waters testified that he "considered the [sale of the car] closed" when the automobile was delivered to Gore. Title to the vehicle was in W & W Auto Sales when the accident occurred. After the wreck, title was assigned to Gore.

After making numerous findings of fact, the trial court concluded that Michael Gore was an insured under the provisions of the garage liability policy issued by defendant to W & W Auto Sales and that plaintiff was entitled to recover $5,000.00 with interest and costs.

*Webb, Lee, Davis & Gibson by Woodrow W. Gunter II and Hugh Lee for plaintiff appellee.*

*Pittman, Pittman & Guice by Zoro J. Guice, Jr., and William G. Pittman for defendant appellant.*

VAUGHN, Judge.

Defendant contends that the court erred in concluding that Michael Gore was protected under the garage liability policy. Applicable coverage provisions of the policy included the following:

"Automobile Hazards:

1. All Automobiles:

(a) The ownership, maintenance or use of any automobile for the purpose of garage operations, and the occasional use for other business purposes and the use for non-business purposes of any automobile owned by or in charge of the named insured and used principally in garage operations. . . .

\*     \*     \*

Persons Insured: Each of the following is an insured under Part I, except as provided below:

\*     \*     \*

(3) With respect to the Automobile Hazard:

(a) any person while using, with the permission of the named insured, an automobile to which the insurance applies under paragraph 1(a) or 2 of the Automobile Hazards, provided such person's actual operations of (sic) (if he is not operating) his other actual use thereof is within the scope of such permission, .

\*     \*     \*

None of the following is an insured:

\*     \*     \*

(iii) any person . . . other than the named insured with respect to any automobile (a) owned by such person . . . , or (b) possession of which has been transferred to another by the named insured pursuant to an agreement of sale;"

There is ample evidence that at the time of the accident Gore was operating an automobile owned by W & W Auto Sales which was insured under the policy, and that Gore was using the car within the scope of his permissive use. The trial court correctly determined that Michael Gore was an insured within the purview of sections 1(a) and 3(a) of the insurance policy. *Compare Brinkley v. Insurance Co.* and *Transport Co. v. In-*

*surance Co.,* 271 N.C. 301, 156 S.E. 2d 225; *Shearin v. Indemnity Co.,* 267 N.C. 505, 148 S.E. 2d 560.

The policy's exclusionary clause (iii), on its face, excludes Gore as an insured because his possession of the automobile was pursuant to a conditional sales contract. The court, however, correctly concluded that the clause was rendered inapplicable by the provision contained in G.S. 20-279.21 (b) (2) :

"(b) Such owner's policy of liability insurance:

\*     \*     \*

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle . . . with the express or implied permission of such named insured . . . against liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle. . . ."

Even though G.S. 20-271.9 defines "owner" as a person holding legal title to a motor vehicle or as a conditional vendee in the event the vehicle is the subject of an agreement for its conditional sale and such vendee has an immediate right of possession, in *Insurance Co. v. Hayes,* 276 N.C. 620, 174 S.E. 2d 511, our Supreme Court held that the provisions of G.S. 20-72 (b) control in determining who is an owner. Since in the present case title to the automobile in question had not, when the accident occurred, been transferred to Gore pursuant to G.S. 20-72, he was not the owner of the automobile for insurance purposes. Ownership remained with C. T. and H. F. Waters trading as W & W Auto Sales. Accordingly, W & W Auto Sales was required to maintain insurance the scope of which was compatible with the provisions of G.S. 20-279.21. Where, as here, the applicable statutory provisions are broader than and conflict with the express terms of the policy, the former prevail. *Insurance Co. v. Casualty Co.,* 283 N.C. 87, 194 S.E. 2d 834. If applicable statutory provisions are not expressly incorporated in an insurance policy, they will be read into such policy. *Insurance Co. v. Casualty Co., supra.* We conclude that the court properly determined that Michael Gore was not excluded from coverage under the garage liability policy issued by defendant to W & W Auto Sales.

We have carefully reviewed defendant's contentions relating to the running of the Statute of Limitations, the effect of plaintiff's prior action against Michael Gore and the appropri-

ateness of the trial court's findings of fact and have found them to be without merit.

Affirmed.

Judges PARKER and CARSON concur.