ALTON D. MOSER v. EMPLOYERS COMMERCIAL UNION INSURANCE COMPANY OF AMERICA, AND JENNINGS M. BRYAN AGENCY, INC., AND JENNINGS M. BRYAN, JR.

No. 7415SC1083

(Filed 2 April 1975)

Insurance § 79— insurance on mobile home — security interest in mobile home — exclusion from coverage

Where plaintiff entered into an agreement with third parties whereby plaintiff was to sell and third parties were to buy a mobile home, third parties were to take immediate possession but would not acquire title until full purchase price was paid, and plaintiff had the right to accelerate all remaining payments if third parties defaulted in their biweekly payments, there was an encumbrance on the property though no entry was ever made on the certificate of title to indicate existence of the contract; therefore, plaintiff was not entitled to recover under an automobile liability and physical damage insurance policy on the trailer when it was damaged by fire, since the policy excluded coverage if the property was subject to any encumbrance.

APPEAL by defendant from *McLelland, Judge.* Judgment entered 8 November 1974 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 13 March 1975.

This is an action to recover benefits under an insurance policy. The facts, which are not in dispute, briefly are as follows:

In January 1970, plaintiff purchased a mobile home. On 13 February 1970, plaintiff entered into a contract with Joseph D. and Ann Leigh, providing that plaintiff was to sell and the

Leighs were to buy the mobile home for $5,500.00: $65.00 down, and 130 payments of $65.00 every two weeks. The contract provided that the Leighs would take immediate possession but would not acquire title until the full purchase price had been paid. If they defaulted in their biweekly payments, plaintiff had the right to accelerate all remaining payments. If the Leighs did not pay the remaining balance within 30 days after accelera- tion, they would lose their rights in the mobile home, and the money they had previously paid would be forfeited to plaintiff as rent. No entry was ever made on the certificate of title to indicate the existence of this contract.

In March 1970 defendant Employers Commercial Union Insurance Company of America (ECU), through its agents, de- fendants Jennings M. Bryan Agency, Inc., and Jennings M. Bryan, Jr., issued to plaintiff an automobile liability and physi- cal damage policy on the mobile home. The policy provided:

> "This Policy does not apply: . . . (k) under coverages D, E, F, G, H and I, if the automobile is or at any time becomes subject to any bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance not specifically declared and described in this policy; . . . "

On 19 August 1971 the mobile home was extensively dam- aged by fire. Plaintiff filed a claim under the policy, and ECU, relying upon the exclusion, refused to pay. Plaintiff then brought this action, and both sides moved for summary judg- ment. From the order of the trial court granting plaintiff's motion and denying defendant's motion, ECU appealed to this Court.

*Dalton & Long, by W. R. Dalton, Jr., for plaintiff appellee.*

*J. Donald Cowan, Jr., for defendant appellant.*

ARNOLD, Judge.

The trial court apparently was of the opinion that, based on this Court's holding in *Gore v. Insurance Co.*, 21 N.C. App. 730, 205 S.E. 2d 579 (1974), the exclusion did not apply since no encumbrance was recorded on the certificate of title. In *Gore* an automobile was sold under a conditional sales contract, but the transaction was not noted on the certificate of title. This Court held that under *Insurance Co. v. Hayes*, 276 N.C. 620, 174 S.E. 2d 511 (1970), the seller was the "owner of the auto-

mobile for insurance purposes." The rationale behind the *Gore* decision, however, is inapplicable to the case at bar. The question in this case is whether there was an encumbrance on the property within the meaning of Exclusion (k). We answer this question in the affirmative.

Ordinarily, insurance contracts are to be construed liberally in favor of the insured, but clauses requiring disclosure of the insured's interest in the property are to be construed fairly and rationally to protect the insurer from extraordinary risks. *Roberts v. Insurance Co.*, 212 N.C. 1, 192 S.E. 873 (1937). The contract between plaintiff Moser and the Leighs clearly created a security interest as between the parties. *See* G.S. 25-1-201(37); *cf. Food Service v. Balentine's*, 285 N.C. 452, 206 S.E. 2d 242 (1974). The Leighs had the right to compel Moser to transfer title upon final payment while Moser retained title as security for the purchase price. However it may be denominated, this security interest is an encumbrance on the insured property. The fact that the security interest was not perfected pursuant to G.S. 20-58 nor title or interest transferred pursuant to G.S. 20-72(b) is irrelevant. *See* G.S. 25-9-202. An encumbrance exists and coverage is explicitly excluded.

We hold that the trial court erred in granting plaintiff's motion for summary judgment and in denying defendant's motion. The judgment therefore is vacated, and the cause remanded for entry of judgment in accordance with this opinion.

Vacated and remanded.

Judges MORRIS and VAUGHN concur.