SAM HOOTSTEIN & SONS, INC. *vs.* HARTFORD FIRE INSURANCE COM-
PANY. March 7, 1975. In this action to recover damages for the loss of
goods taken (by a man posing as a driver for the plaintiff's trucking
contractor) from the loading platform where they had been placed
awaiting the arrival of the contractor, the trial judge was right in re-
fusing to rule that such recovery was barred by either exclusion 8 or 9
of the insurance policy. Those exclusions, interpreted in accordance
with well settled canons of construction (see *Palmer* v. *Pawtucket Mut.
Ins. Co.* 352 Mass. 304, 306 [1967], and cases cited; *Bulyga* v. *Under-
writers at Lloyd's, London,* 1 Mass. App. Ct. 359, 363 [1973], and cases
cited), do not apply where, as here, the imposter made off with the
goods before signing the customary bills of lading and in the absence
of the plaintiff's employee in charge of the goods (who had gone in
search of a pen in order that the necessary signatures could be ob-

tained). Thus, there was no "voluntary parting with . . . possession" of the goods by the plaintiff within the meaning of exclusion 8; possession of the goods remained with the plaintiff at least until they were driven away from the platform, and the plaintiff's employee, though inadvertently facilitating their theft by his temporary absence, did not part with them "voluntar[il]y." See *New England Box Co. v. C. & R. Constr. Co.* 313 Mass. 696, 710 (1943); *Fireman's Fund Ins. Co. of San Francisco v. McConnell,* 198 F. 2d 401, 402-403 (5th Cir. 1952), and cases cited. Nor were the goods ever "entrusted" to the imposter within the meaning of exclusion 9, as the plaintiff's employee did not "commit or surrender" them to the driver (Webster's Third New Intl. Dictionary, p. 759 [1971]). The cases from other jurisdictions relied upon by the defendant are not to the contrary.

*Exceptions overruled.*

*Joseph J. Walsh,* for the defendant, submitted a brief.
*Elliott J. Mahler* for the plaintiff.