JUAN FORGAY, EMPLOYEE, v. N. C. STATE UNIVERSITY, EMPLOYER, SELF-INSURER AND TOWN OF MADISON, EMPLOYER; HARTFORD ACCIDENT AND INDEMNITY COMPANY, CARRIER.

(Filed 12 June 1968.)

**1. Master and Servant § 94—**

On appeal from the Industrial Commission review is limited to questions of law, which include whether the record contains any competent evidence to support the findings of fact by the Commission and whether the facts found are sufficient to support the conclusions of law.

**2. Same—**

Where there is no competent evidence to support a finding of fact by the Commission, the finding of fact must be stricken.

**3. Master and Servant § 51— Evidence held insufficient to support Commission's findings of dual employment.**

In this action by the injured employee against a university and a municipality for injuries arising out of and in the course of his employment as an administrative assistant to the town under a program whereby prospective college students in need of financial assistance undertake summertime work, the university issuing a check to the employee for his wages, 90 per cent of which was derived from federal funds and 10 per cent from funds deposited by the municipality, the Industrial Commission found that plaintiff was an employee of both the university and the

municipality and prorated the award, 90 per cent against the university and 10 per cent against the town. The university excepted to the Commission's ruling as to its share of the award and appealed. *Held:* The evidence is insufficient to support the Commission's findings of fact that (1) the employee was assigned to the work by the university, (2) the university made application to the program for funds, (3) the university paid 90 per cent of the funds, (4) and that the university had the right to control the employee and to discharge him or to assign him to another position; accordingly, the Commission's conclusion of law that the claimant was an employee of the university must be set aside.

**4. Same—**

A finding that the university "paid" claimant his wages by check and withheld income and social security taxes therefrom does not constitute a finding that claimant was an employee of the university, especially so when all the evidence before the Commission tends to show that the town prescribed claimant's hours of work, his duties, and the manner of performing his duties.

**5. Payment § 1—**

The term "to pay" means to satisfy someone for services rendered.

APPEAL by North Carolina State University from an Opinion and Award of the North Carolina Industrial Commission filed 23 January 1968.

Juan Forgay, plaintiff, was accepted in November 1965 by North Carolina State University to begin his college education in the Fall Term of 1966. Later, Forgay made application for a summer job under the PACE program. PACE is the abbreviation for "Plan Assuring College Education."

The PACE program in North Carolina is administered under the North Carolina State Board of Public Welfare, Division of Community Services. The State Board of Public Welfare provides an administrator of the PACE program, and a local coordinator for the program is named for each county in the State. The State Administrator of PACE provides information of the program to high schools, colleges, and public agencies; and in general coordinates the functioning of the program. PACE, through its local coordinators in each county, assists in the placement of students in summer jobs, but it does not hire students or direct the work to be done. PACE does not handle any of the funds for payment of students' wages.

Participating colleges request and receive funds from the United States Office of Health, Education and Welfare under the Higher Education Act, for the payment of students' wages on summer jobs. The college then disburses from these funds 90% of each participating student's wages, and the other 10% from funds deposited with the college for this purpose by the using public agency.

The uncontroverted evidence before the Industrial Commission

disclosed the following with respect to the employment in question. Through his high school guidance counselor, Juan Forgay applied for a summer job under the PACE program. The local coordinator of the PACE program in Rockingham County found Juan Forgay a job with the Town of Madison. This was done on PACE Form #1, with Forgay filling out section 1.1, his high school guidance counselor filling out section 1.2, and the local PACE coordinator filling our section 1.3.

Thereafter, on PACE Form #2, Forgay applied to North Carolina State University to be certified as eligible to participate in the PACE summer program. The qualifications for participation are that the applicant must have been accepted by a college as a student, and the applicant must be in need of financial assistance to enable him to attend college. PACE Form #2 is entitled "Certificate of Eligibility," and Forgay completed section 2.1 thereof in which he asked that he be certified as eligible. Under section 2.2 the admissions officer certified that Forgay had been accepted as a student; and under section 2.3 the student aid officer certified that Forgay was in need of financial assistance.

On page 1 of PACE Form #3 the Town of Madison certified its willingness to put Forgay to work, and certified that it had set aside funds for its 10% share. On page 2 of PACE Form #3 the Town of Madison further signed an "Assurance of Compliance with the Civil Rights Act of 1964." In this assurance the following language appears:

> Town of Madison "AGREES THAT it will comply with title VI of the Civil Rights Act of 1964 (P. L. 88-352) to the end that no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination under *any program or activity for which the Applicant receives Federal financial assistance either directly or indirectly* and HEREBY GIVES ASSURANCE THAT it will immediately take any measures necessary to effectuate this agreement." (Emphasis added.)
>
> \* \* \*
>
> "THIS ASSURANCE is given in consideration of and for *the purpose of obtaining either directly or indirectly Federal grants to be in the form of college students employed* in the Work-Study program as provided for in the Higher Education Act (Title IV, Part C). The Applicant *recognizes and agrees that such Federal financial assistance will be extended* in reliance on the representations and agreements made in this assurance,

and that the United States shall have the right to seek judicial enforcement of this assurance. This assurance is binding on the Applicant, its successors, transferees, and assignee, and the person or persons whose signatures appear below are authorized to sign this assurance on behalf of the Applicant." (Emphasis added.)

The "Certificate of Assumption of Responsibility by Agencies or Organizations" which was executed by the Town of Madison on PACE Form #3 contains the following language:

"This is to certify that this agency (or organization) has set aside $90.00 as matching funds and to provide *the employer's share* in the payment of employment benefits. This is *to provide employment for* Juan Forgay a student at State College as a *(sic)* Administrative Aide in Town of Madison in Rockingham County." (Emphasis added.)

The placement of Juan Forgay to work as an administrative aide for the Town of Madison was accomplished by the local PACE coordinator and the Town. His work was to begin 13 June 1966. The Town of Madison was to deposit with North Carolina State University 10% of Forgay's wages, and the University was to issue its check to Forgay for his total wages; 90% coming from the Federal funds allotted, and 10% from the funds deposited by the Town of Madison.

The assignment of the duties and hours of work of Forgay was the function of the Town of Madison, and it was the recipient of the value of whatever services Forgay rendered in his job. The Town of Madison kept the records of Forgay's work and reported to the University the hours worked.

Forgay sustained injury arising out of and in the course of his employment on 15 June 1966. The Industrial Commission found that Forgay was an employee of both the Town of Madison and North Carolina State University and prorated the award, 90% against North Carolina State University and 10% against the Town of Madison. The University appealed.

*T. W. Bruton, Attorney General by Mrs. Christine Y. Denson, Staff Attorney, attorneys for defendant appellant, North Carolina State University.*

*Adams, Kleemeier, Hagan and Hannah by Robert G. Baynes, attorneys for defendant appellee, Hartford Accident and Indemnity Company, Compensation Carrier for the Town of Madison.*

BROCK, J. Neither the North Carolina State University nor the compensation carrier for the Town of Madison dispute the fact that Juan Forgay is entitled to an award by the Industrial Commission. The controversy centers upon the question of who should bear the cost of the award. The Town of Madison contends that Forgay was an employee of both it and the University, and that the award should be prorated as was done by the Industrial Commission. The University contends that Forgay was not an employee of the University.

On appeal from the Industrial Commission, review is limited to questions of law. These questions of law include whether the record contains any competent evidence to support the findings of fact by the Commission, and whether the facts found are sufficient to support the conclusions of law. *Moore v. Electric Co.*, 259 N.C. 735, 131 S.E. 2d 356. It is well settled that if there is *any* competent evidence upon which the Commission can base its findings they must be upheld. But it is equally correct that the Commission's findings must be supported by *some* competent evidence. *Petree v. Power Co.*, 268 N.C. 419, 150 S.E. 2d 749. And where there is no competent evidence to support a finding of fact by the Commission, the finding of fact must be stricken. *McRae v. Wall*, 260 N.C. 576, 133 S.E. 2d 220.

The University assigns as error:

1.(a) The portion of Finding of Fact #5 which reads: "Plaintiff was assigned by the N. C. State University to work for the Town of Madison as Administrative Assistant."

In the transcript of the evidence before the Industrial Commission we find the following testimony by Juan Forgay given under cross-examination.

Q. "Were you contacted then about the employment at the University about the employment?

A. "I did. It was all through my counselor. Except the very last, I received from the University, I had been accepted and to go to work the day I started.

Q. "Did they tell you who you were to work for?

A. "Yes, for Mr. Little.

Q. "From the University you got this communication?

A. "I believe so. I'm not sure, a little over a year ago. It was from Raleigh.

Q. "Did the University ever tell you what job you were to do for the Town?

A. "They just said I was an administrative aide.

Q. "You do recall, refresh your recollection, receiving a letter from State — North Carolina State University telling you when to start work?

A. "Yes.

Q. "And letters also told you for whom?

A. "Yes."

All of the other evidence in the record is to the effect that PACE, through its local coordinator in Rockingham County, arranged for Forgay's work with the Town of Madison. And also that Mr. Benjamine H. Cromer, the local PACE coordinator, notified Forgay by letter dated June 2, 1966, of his employment, as well as when and to whom he should report for work. Other than Forgay's indefinite statements, there is no evidence that the University even knew of Forgay's employment until after his injury.

Nevertheless, taking Forgay's quoted testimony at full value, it would at best support a finding that the University notified him that he had been given a job by the Town of Madison, and notified him when and to whom he should report for work. We hold that the evidence does not support a finding that he was *assigned to work* by the University. The University appellant's assignment of error 1.(a) is sustained.

The University assigns as error:

1.(b) The portion of Finding of Fact #7 which reads: "N. C. State University made application for funds from PACE."

All of the evidence in the transcript before the Industrial Commission discloses that PACE does not handle funds for the employment of students under the program. All of the evidence discloses that participating colleges make their request for funds to the United States Department of Health, Education, and Welfare, and that the funds are allotted by that U. S. Department to the participating college. All of the evidence discloses that PACE administration in North Carolina is provided by the North Carolina State Board of Public Welfare, Division of Community Services. There is no evidence in the transcript that the University made application to PACE for funds. The University appellant's assignment of error 1.(b) is sustained.

The University assigns as error:

1.(c) The portion of Finding of Fact #8 which reads: "North Carolina State University paying ninety per cent."

All of the evidence in the transcript before the Industrial Commission discloses that the University disbursed to Forgay 100% of

his salary. It further discloses that 90% was disbursed by the University from funds allocated by the U. S. Department of Health, Education and Welfare, and that 10% was disbursed by the University from funds deposited with it by the Town of Madison. The University appellant's assignment of error 1.(c) is sustained.

The University assigns as error:

> 1.(d)   The portion of Finding of Fact #9 which reads: "N. C. State University paid the plaintiff his wages and paid withholdings for Social Security and income tax. N. C. State University had the right to discharge the plaintiff or assign him to another position, and had the right of control."

All of the evidence tends to show that the University did in fact pay Forgay his wages. According to Webster's Third New International Dictionary (1968) to pay means "to satisfy (someone) for services rendered . . ." This is obviously the sense in which the Commission used the word "paid" in its finding of fact. Also, the University withheld income tax and the employee's contribution to Social Security taxes from Forgay's wages, and remitted them to the appropriate Revenue Departments; the employer's share of Social Security taxes on Forgay's wages was deposited with the University by the Town of Madison in addition to the 10% of wages. However, a finding that Forgay was *paid* by the University is far from finding, under these circumstances, that he was an employee of the University.

The finding that the University had the right of control is contrary to all of the evidence in the transcript before the Commission. All of the evidence tends to show that the agents of the Town of Madison prescribed Forgay's hours of work, his duties, and manner of performing his duties.

There is evidence to support a finding that the University could cause Forgay's employment to be terminated if it found he became no longer qualified for the program, *i.e.:* dropped out of college, did not maintain satisfactory grades, or other reasons not to be qualified to participate in the program. This is merely the reverse of the University certifying to PACE that he was eligible in the first place. There is no evidence in the transcript before the Commission to support a finding that the University had the right to discharge Forgay, or that it had the right to assign him to another position. Insofar as the University appellant's assignments of error 1.(d) is addressed to the portion of Finding of Fact #9 which reads: "N. C. State University had the right to discharge the plaintiff or assign him to another position, and had the right of control," the assignment of error is sustained.

Having determined that the foregoing Findings of Fact are not supported by competent evidence, it follows that they must be stricken. Without those findings of fact, the conclusion of law by the Commission that "[p]laintiff was on June 15, 1966, an employee of the North Carolina State University . . .," and the award of 90% of compensation which is based thereon, can find no support, and both must be set aside.

The award of compensation to Juan Forgay, based upon the finding and conclusion that he was an employee of the Town of Madison is unaffected by this decision.

This cause is remanded to the North Carolina Industrial Commission for further proceedings not inconsistent herewith.

Modified and remanded.

MALLARD, C.J., and PARKER, J., concur.