WILLIE GODLEY, EMPLOYEE-PLAINTIFF v. COUNTY OF PITT AND/OR TOWN OF WINTERVILLE, EMPLOYER, U. S. FIRE INSURANCE AND/OR GREAT AMERICAN INSURANCE, CARRIER, DEFENDANTS

No. 8110IC141

(Filed 20 October 1981)

1. **Estoppel § 4.6— workers' compensation—application of equitable estoppel improper—no evidence of detrimental reliance**

    It was error to conclude the county and its insurance carrier was estopped from asserting the lack of an employment relationship between it and the plaintiff where plaintiff, a CETA employee, was paid and insured by the county but did not work for and at the direction of the town. The essential element of detrimental reliance by the party seeking estoppel was missing as there was no evidence the town or its insurer altered its position in reliance of the fact the county's insurer accepted premiums on behalf of the plaintiff.

2. **Master and Servant § 53— workers' compensation—findings insufficient to support employment by county**

    The findings of fact did not support the Commission's conclusion that plaintiff was an employee of the county at the time of his injury even though he was hired, paid and insured by the county pursuant to conditions imposed by the federal government for receipt of CETA funds where the town alone controlled plaintiff's work schedules, duties and work environment, and it alone benefited from his services.

APPEAL by defendants Pitt County and U. S. Fire Insurance Company from the North Carolina Industrial Commission. Opinion and award filed 14 November 1980. Heard in the Court of Appeals 15 September 1981.

This case arises under the Workers' Compensation Act, G.S. 97-1 *et seq.*, from injuries suffered by the plaintiff in an admittedly compensable, work-related accident on 10 January 1979. At issue before the Commission was a dispute as to which of two alleged employers of the plaintiff was in fact his employer and therefore obligated to compensate the plaintiff for his injuries.

The defendants agreed, pending the outcome of this action, that appellant insurer, carrier for Pitt County, would compensate the plaintiff fully and that appellee insurer, carrier for the Town of Winterville, would reimburse appellant if plaintiff were found to have been the town's employee at the time of the accident.

The facts are not disputed by the parties.

Defendant Pitt County (County) hired plaintiff pursuant to a contract with the Community Employment Training (CETA) program of the federal government and assigned him to work for defendant Town of Winterville (Town). Plaintiff's work was supervised by Town employees and his duties and hours were determined by the Town. Time sheets were kept by the Town on which plaintiff's hours were recorded and these were turned over to the County. County paid the plaintiff from CETA funds and maintained his payroll records. Town kept no records on the plaintiff other than his time sheets and could not fire the plaintiff without the County's approval.

Pursuant to a condition imposed by the federal government for receipt of CETA funds, County paid workers' compensation insurance premiums covering plaintiff and other CETA employees. County was reimbursed by CETA for these expenditures. Town did not pay premiums to its insurance carrier with respect to plaintiff.

The hearing officer found that the County and its insurance carrier were estopped to deny that the County was plaintiff's employer since the County had paid insurance premiums based on inclusion of the plaintiff under its workers' compensation policy and its insurer had accepted these premiums. In apparent reliance upon this finding, the Commission held as a matter of law that the County was plaintiff's employer and was obligated to compensate plaintiff for his injuries. On appeal, the Full Commission affirmed. Defendants Pitt County and U. S. Fire Insurance Company appeal.

*Young, Moore, Henderson & Alvis, by B. T. Henderson II and William T. Lipscomb, for defendant appellants.*

*Teague, Campbell, Conely & Dennis, by George W. Dennis, III, and Jeffery L. Jenkins, for defendant appellees.*

ARNOLD, Judge.

Two assignments of error are brought forth on appeal.

I.

[1] Defendant County first contends that the Industrial Commission erred in concluding that the County and its insurance carrier

are estopped from asserting that no employment relationship existed between the plaintiff and the County. We agree. Application of the principles of equitable estoppel was improper on the facts of this case.

We recognize that it is well established law in North Carolina that principles of estoppel are applicable to workers' compensation cases. *Aldridge v. Motor Co.*, 262 N.C. 248, 251, 136 S.E. 2d 591 (1964). Furthermore, as the defendant Town correctly points out, acceptance of premium payments by a compensation insurer has been held sufficient to subject the insurer to liability on equitable grounds even where the claimant was not properly includable under the terms of the policy. *Aldridge v. Motor Co., supra; Britt v. Colony Construction Co.*, 35 N.C. App. 23, 240 S.E. 2d 479 (1978). However, in each case cited by the Town, an element essential to equitable estoppel, that of detrimental reliance by the party seeking estoppel, has been met. *See* 5 Strong's N.C. Index 3d, *Estoppel* § 4.6 (1977). These cases are, in this respect, distinguishable from the case at bar. While it is true that the County's insurer accepted premiums on behalf of the plaintiff, there is no evidence in the record to indicate that the Town or its insurer appreciably altered its position in reliance upon this fact. The only reliance asserted by the Town is its own failure to pay insurance premiums specifically on behalf of the plaintiff. We are not persuaded that this omission constitutes detrimental reliance. The Town's insurer has conceded liability in the event that plaintiff is found to have been an employee of the Town and has made no claim that the policy would have been altered or cancelled had it been known that plaintiff was a covered individual. Although failure to collect premiums for covered individuals does not relieve an insurer of liability, the insurer can, of course, recover unpaid premiums upon discovery of the error. *Williams v. Ornamental Stone Co.*, 232 N.C. 88, 59 S.E. 2d 193 (1950).

We find no evidence in the record of an act or omission detrimental to either of the parties seeking estoppel which justifies imposition of this equitable remedy. *See Bourne v. Lay and Co.*, 264 N.C. 33, 140 S.E. 2d 769 (1965).

II.

[2] Defendant's second argument is that the Commission erred in concluding that plaintiff was an employee of Pitt County. It is

clear that in workers' compensation cases, as the North Carolina Supreme Court has succinctly held, "the test is this: For whom was the plaintiff working as an employee at the time of the accident?" *Suggs v. Truck Lines,* 253 N.C. 148, 155, 116 S.E. 2d 359 (1960).

In answering this question, we find this Court's holding in *Forgay v. State University,* 1 N.C. App. 320, 161 S.E. 2d 602 (1968), to be directly on point. In Forgay, the employee claimant was hired under a federal program (Plan Assuring College Education or "PACE") which, like the CETA program here, involved payment of the employee by one government entity (N. C. State University) for work performed by the employee for another (the Town of Madison). In that case, this Court held unequivocally that payment of the employee's salary and maintenance of his payroll records by the University were not sufficient evidence, standing alone, to support a finding that an employment relationship existed. In *Forgay* it was the town, not the university, which assigned duties and hours of work to the claimant, and it was the town which received the value of his services. The same is true of the Town in the case at bar.

In the present case it is true that the County had slightly greater authority over the employee than did the university in *Forgay.* However, we find that the County's added power to assign and dismiss CETA workers, and its payment of compensation insurance premiums as required by the CETA program, are insufficient as a matter of law to distinguish this case from *Forgay.* Here the Town alone controlled the plaintiff's work schedule, duties, and work environment. The Town alone benefited from his services. These are the factors to which the Commission should have given weight, absent a showing of detrimental reliance, in determining whether the Town or County was the plaintiff's employer.

We agree with the County that the Commission's findings of fact are insufficient to support its conclusion of law that an employment relationship existed between the plaintiff and the County at the time of the plaintiff's injuries.

Reversed.

Judges VAUGHN and WEBB concur.