CLAUDIA BARRINGTON AND MELVIN BARRINGTON, PARENTS OF DONALD H. BARRINGTON, DECEASED, EMPLOYEE, PLAINTIFFS v. EMPLOYMENT SECURITY COMMISSION AND/OR ECONOMIC IMPROVEMENT COUNCIL, EMPLOYER, UNITED STATES FIRE INSURANCE COMPANY AND/OR SENTRY INSURANCE, A MUTUAL COMPANY, CARRIER, DEFENDANTS

No. 8310IC23

(Filed 20 December 1983)

**Appeal and Error § 68— law of the case**

 Where the Court of Appeals reversed and remanded an Industrial Commission decision, and the appellees petitioned for discretionary review in the Supreme Court at the same time that the appellees in *Godley v. County of Pitt* petitioned for discretionary review in the Supreme Court, where the *Godley* case and the present case presented the same basic legal issues for appellate review, where only the *Godley* case's petition for discretionary review was allowed, where the Supreme Court reached a result different from the result reached by the Court of Appeals in the present case, and where the Industrial Commission followed the instructions of the Court of Appeals upon re-

mand on this case, the Court of Appeals was bound by the doctrine of the law of the case, and it was not appropriate for the Court of Appeals to consider what the Supreme Court said in the *Godley* decision and therefore must affirm the decision of the Industrial Commission. G.S. 7A-31.

APPEAL by defendants Economic Improvement Council and Sentry Insurance, A Mutual Company, from Order of North Carolina Industrial Commission entered 1 December 1982. Heard in the Court of Appeals 1 December 1983.

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog by Richard T. Boyette for defendant appellants, Economic Improvement Council and Sentry Insurance, A Mutual Company.*

*Young, Moore, Henderson & Alvis by Edward B. Clark and B. T. Henderson, II, for defendant appellees, Employment Security Commission and United States Fire Insurance Company.*

BRASWELL, Judge.

The sole question presented asks whether the result reached by the Industrial Commission is contrary to law as set forth in *Godley v. County of Pitt*, 306 N.C. 357, 293 S.E. 2d 167 (1982). Having determined as a matter of law that we are bound by the doctrine of the law of the case, it is not appropriate for this Court to consider what the Supreme Court said in the above cited decision. Consequently, we affirm the decision of the Industrial Commission.

A brief history of events will serve to focus on why the law of the case applies. The Employment Security Commission (ESC), as contractor, engaged Economic Improvement Council (EIC), as subcontractor, to perform certain services in connection with a summer youth program under the federally funded Comprehensive Employment and Training Act (CETA). In the summer of 1978 Donald H. Barrington, decedent, was hired by ESC for the CETA summer youth program and was referred to EIC which placed him as a playground supervisor. Barrington died by drowning on 15 August 1978. Heretofore, the parties have stipulated that his death was the result of an accident arising out of and in the course of employment.

On 13 January 1981 the Industrial Commission entered its Opinion and Award in favor of Barrington. ESC and United

States Fire Insurance Company appealed to this Court. On 2 February 1982 this Court, in 55 N.C. App. 638, 286 S.E. 2d 576, unanimously reversed and remanded for the reasons therein set out.

On 1 March 1982 EIC and Sentry, the present appellants, also petitioned the North Carolina Supreme Court for discretionary review pursuant to G.S. 7A-31. Discretionary review was denied on 4 May 1982, 305 N.C. 584, 292 S.E. 2d 569. In the interim the Industrial Commission had proceeded on the remand of 2 February 1982 decision and on 2 April 1982 filed a new Opinion and Award. When informed of the pendency of the petition of discretionary review, the Industrial Commission issued a stay of its 2 April 1982 order, and noted the time for appeal from its Opinion and Award. When informed that discretionary review had been denied, the Industrial Commission extended time for giving notice of appeal to this Court until 1 August 1982.

On 13 July 1982 our Supreme Court filed its opinion in *Godley v. County of Pitt*, 306 N.C. 357, 293 S.E. 2d 167. On 21 July 1982 the present appellants filed in the Industrial Commission a motion for rehearing in light of the Supreme Court decision in *Godley*. On 29 July 1982 the Industrial Commission vacated and set aside its Opinion and Award of 2 April 1982, and set the case for reargument.

After the reargument on 14 September 1982 the Industrial Commission issued, on 1 December 1982, its Opinion and Award which is the final judgment from which appeal was made to this Court on 13 December 1982, with record on appeal docketed 7 January 1983.

When the parties were first before this Court, as reported in 55 N.C. App. 638, 286 S.E. 2d 576 (filed 2 February 1982), this Court had already decided *Godley*, 54 N.C. App. 324, 283 S.E. 2d 430, filed 20 October 1981, and *Godley* was cited in the first *Barrington* appeal. *Godley's* petition for discretionary review was allowed on 3 March 1982, 305 N.C. 299, 290 S.E. 2d 701. Thus, both of our court's cases, *Godley* and *Barrington*, were in the bosom of the Supreme Court at the same time. Both cases seem to us to have had the same basic legal issues presented for appellate review. Our Supreme Court saw fit to allow discretionary review in *Godley* while denying it for *Barrington*. Consequently,

on remand of *Barrington* the Industrial Commission gave the appellants a rehearing, and issued a new judgment for its Opinion and Award.

We now quote two paragraphs from the Opinion and Award of the Industrial Commission of 1 December 1982.

The Full Commission has carefully considered the record in its entirety. The primary question for our determination is whether we are bound by the "law of the case" doctrine to follow the decision of the Court of Appeals on the former appeal in this case, notwithstanding the fact that the Supreme Court has decided the same matter differently in the interim.

[We are of the opinion that the Industrial Commission is bound by the "law of the case" doctrine to follow without variation or departure the mandate of the Court of Appeals in *Barrington v. Employment Security Commission, et al.*, 55 N.C. App. 638, --- S.E. 2d --- (1982),] rather than follow the more recent decision of the Supreme Court in *Godley v. County of Pitt, et al.*, 306 N.C. 357, --- S.E. 2d --- (1982). In accordance with the instructions of the Court of Appeals upon remand of this case, the Full Commission hereby makes the following

EXCEPTION NO. 1

The record on appeal shows that Assignment of Error No. 1 included Exception No. 1, and reads, "The Industrial Commission erred in its application of the 'law of the case' doctrine." However, in its brief this concession appears: "Appellants do not now contend that the Industrial Commission inappropriately applied the law of the case doctrine, and therefore abandon their Assignment of Error No. 1."

The present appeal presents nothing more than questions of law. The Supreme Court, in its own wisdom, having chosen to grant discretionary review and relief in *Godley* while denying it for *Barrington*, when both cases were pending before it at the same time, and when both cases involved almost identical points of law, ties our hands from considering the final law of *Godley* in this present case. The law of the case controls us. We have read the cases within the defendants' recently filed memorandum of

additional authority, but remain firm in our resolve that under the present set of facts the law of the case must control.

Affirmed.

Judges HEDRICK and EAGLES concur.