Plaintiffs ask the Commission to rehear this case, arguing that the hearing Deputy and Full Commission panel previously did not take into account certain evidence the Court of Appeals cited in its decision to remand the case.
Plaintiff argues that "a cursory review of the Supreme Court's short opinion establishes" that its "action was based on grounds other than the [Court Appeals'] evidentiary ruling" and that "that ruling remains intact, and is the law of the case". Findings in the Commission's decisions suggest that this evidence was weighed, and the Supreme Court quotes the provisional ("assuming arguendo . . .") ultimate finding of fact on the pertinent issue, which was also in defendants' favor. In any case, the affect of the Supreme Court decision was to affirm the decision of the Full Commission, without remand or a mandate to consider any other matters or alter the result. We are very well aware that the appellate Courts can hear arguments that a Commission decision was based on ignorance of even the most conventional matters of law, based on the fact that they are not specifically discussed, or that portions of a decision under review, when taken in isolation, should be read so as to nullify the decision. However, the Commission cannot entertain such arguments about appellate decisions. The Commission is vested with jurisdiction only to the extent conferred by the appellate court's opinion and mandate. 5 Am. Jur. 2d Appellate Review § 784. The Supreme Court entered no order of remand and gave no instructions to consider further any matter bearing on the case, while specifically reversing the Court of Appeal's remand. The final appellate decision of the State's highest court is "the law of the case", and is not susceptible to further legal arguments on the merits. This is true even if the legal basis for the final appellate decision is reversed by a higher court in another case.Barrington v. Employment Security Commission, 65 N.C. App. 602,309 S.E.2d 539, review den., 310 N.C. 475, 312 S.E.2d 881 (1983); NC Index 4th, App. Err., § 555.
Consequently, plaintiff's motion must be, and hereby is DENIED.
 S/ __________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________ LAURA K. MAVRETIC COMMISSIONER
S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
JRW:md