The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner William C. Bost and the briefs and arguments on appeal. The appealing party has shown good ground to reconsider the evidence. Having reconsidered the entire evidence of record, the Full Commission reverses the holding of the Deputy Commissioner and enters the following Opinion and Award.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing on 13 October 1998 and in a Pre-Trial Agreement as:
 STIPULATIONS
1. An employee-employer relationship existed between plaintiff-employee and defendant-employer on 15 May 1997.
2. On 15 May 1997, defendant did not have workers compensation insurance coverage.
3. The nature of the alleged injury sustained by plaintiff was a herniated disc at the L5-S1 level.
4. Plaintiffs average weekly wage will be determined by the Industrial Commission Form 22 wage chart submitted by defendant.
 ***********
Based upon the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. Defendant Randy Clayton is a sole proprietor doing business as Clayton Construction Services. Defendant began his residential carpentry and remodeling business on 5 January 1996.
2. Prior to plaintiff accepting employment, defendant informed him that workers compensation insurance would be provided for his employees and that the plaintiff would be covered by that insurance.
3. Based upon the representations made by defendant regarding workers compensation insurance coverage, plaintiff accepted employment with defendant as a carpenter on or about 17 June 1996. Plaintiff would not have accepted employment with defendant had defendant not assured him that workers compensation insurance would be provided.
4. On 15 May 1997, while working on a job site for defendant, plaintiff was carrying a stack of shingles up a ladder to a roof where he was making repairs. Plaintiffs foot slipped on the ladder, causing the load of shingles to shift. As a result, plaintiff experienced the immediate onset of pain in his back. Plaintiffs back pain increased over the next few days and he sought medical attention for his back on 20 May 1997.
5. From 22 June 1996 through 10 January 1997, plaintiff and Mr. Danny Starnes were employed by defendant. Mr. Starnes worked on a part-time basis for the last two months of his employment.
6. On 14 May 1997, defendant hired Mr. Johnny Miller as a laborer, albeit for a limited period.
7. A third person, Mr. Phil Harris, also worked for defendant during the period of plaintiffs employment. The records provided by defendant regarding the exact dates upon which Mr. Harris worked are inconclusive. Although defendant contends that Mr. Harris was an independent contractor, defendant paid Mr. Harris by the hour, directed the work performed Mr. Harris and the manner in which the work was performed. Based upon the credible evidence of record, the Full Commission finds that Mr. Harris was an employee of defendant pursuant to the terms of the Act.
8. When Mr. Harris employment with defendant ended in the summer of 1996, Mr. Keith Bass was hired by defendant and worked primarily as a landscaper for at least several weeks. Although defendant contends that Mr. Bass was an independent contractor, defendant paid Mr. Bass by the hour, directed the work performed by Mr. Bass and the manner in which the work was performed. Based upon the credible evidence of record, the Full Commission finds that Mr. Bass was an employee of defendant pursuant to the terms of the Act.
9. Based upon the credible evidence of record, the Full Commission finds that defendant Randy Clayton, d/b/a Clayton Construction Services, regularly employed three or more persons during the period of plaintiffs employment.
10. When defendant first employed plaintiff, defendant had workers compensation coverage through the North Carolina Home Builders Fund. That workers compensation coverage expired on 8 January 1997 because of nonpayment of premiums by defendant. Defendant did not have workers compensation coverage on 15 May 1997.
11. Although plaintiff had inquired as to defendants coverage prior to accepting employment, defendant did not disclose to plaintiff that his workers compensation coverage had been terminated and made no efforts to secure replacement workers compensation insurance.
12. Defendant knew or should have known that if he notified plaintiff that his workers compensation coverage had been terminated, plaintiff would have resigned his position.
13. The fact that plaintiff continued to work for defendant until the time of his injury on 15 May 1997, was a direct result of his continued belief that defendant had workers compensation coverage. Plaintiff relied upon defendants representations regarding workers compensation insurance coverage to his detriment.
14. On 15 May 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant in the form of a specific traumatic incident of the work assigned.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 15 May 1997, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant in the form of a specific traumatic incident of the work assigned. G.S. 97-2(6).
2. At the time of plaintiffs 15 May 1997 injury by accident, defendant regularly employed three (3) or more persons and was, therefore subject to and bound by the provisions of the North Carolina Workers Compensation Act. G.S. 97-2(1). Furthermore, the Industrial Commission has jurisdiction to determine this claim.Id.
3. In the alternative, defendant is equitably estopped from denying the jurisdiction of the Industrial Commission due to its representations regarding coverage and plaintiffs detrimental reliance upon these representations. See, e.g., Aldridge v. MotorCompany, 262 N.C. 248, 136 S.E.2d 591 (1964); Godley v. Countyof Pitt, 54 N.C. App. 324, 283 S.E.2d 430 (1981).
4. Because defendant regularly employed three (3) or more persons and the Industrial Commission has jurisdiction over this claim, the provisions of G.S. 97-13 are inapplicable to this case and this case is not controlled by the holding in Wiggins v. TartTrucking Company, 63 N.C. App. 542, 305 S.E.2d 749 (1983).
5. There is insufficient evidence of record at this time to determine the compensable consequences of plaintiffs 15 May 1997 injury by accident. G.S. 97-2(6).
6. By failing to secure continuing workers compensation insurance coverage, defendant has failed to comply with the requirements of G.S. 97-93 and is subject to the penalties and provisions of G.S. 97-94.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 ORDER
1. This matter is hereby REMANDED to a different Deputy Commissioner for a hearing to determine what compensation, if any, plaintiff is entitled to as the result of his 15 May 1997 injury by accident.
2. This matter shall be forwarded to the Fraud Section of the Industrial Commission for further investigation.
3. Defendant shall pay the costs.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
S/_______________ DIANNE C. SELLERS COMMISSIONER
S/_____________ THOMAS J. BOLCH COMMISSIONER